United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| S.Z., et al., | Case No. 18-cv-04829-LB |
| Plaintiffs, | |
| v. | **ORDER APPROVING MINOR'S SETTLEMENT** |
| DUBLIN UNIFIED SCHOOL DISTRICT, | Re: ECF No. 47 |
| Defendant. | |

## INTRODUCTION

The parties settled this Individuals with Disabilities Education Act lawsuit following a settlement conference with the undersigned. The parties also consented to the undersigned's jurisdiction over the lawsuit for all purposes.[1] Plaintiff Doe Parent,[2] as guardian ad litem for minor S.Z., now moves for an order approving the minor's settlement.[3] The motion is unopposed.[4] The court can decide the motion without oral argument, N.D. Cal. Civ. L.R. 7-1(b), and grants the motion.

---

[1] Joint Consent – ECF No. 46.

[2] The court previously sealed the name of S.Z.'s parent. Order – ECF No. 37.

[3] Mot. – ECF No. 47.

[4] *Id.*

ORDER – No. 18-cv-04829-LB

## ANALYSIS

"District courts have a special duty, derived from Federal Rule of Civil Procedure 17(c), to safeguard the interests of litigants who are minors." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011). "Rule 17(c) provides, in relevant part, that a district court 'must appoint a guardian ad litem — or issue another appropriate order — to protect a minor or incompetent person who is unrepresented in an action.'" *Id.* (quoting Fed. R. Civ. P. 17(c)). "In the context of proposed settlements in suits involving minor plaintiffs, this special duty requires a district court to 'conduct its own inquiry to determine whether the settlement serves the best interests of the minor.'" *Id.* (quoting *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978)).

The Ninth Circuit has also made clear that, in cases involving the settlement of federal claims, district courts should "limit the scope of their review to the question whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases," and should "evaluate the fairness of each minor plaintiff's net recovery without regard to the proportion of the total settlement value designated for adult co-plaintiffs or plaintiffs' counsel — whose interests the district court has no special duty to safeguard." *Id.* at 1181–82 (citing *Dacanay*, 573 F.2d at 1078).

The settlement terms are as follows. The parties agreed to an Individualized Education Plan ("IEP") for S.Z. for the 2019–2020 school year, including educational placement and related services.[5] The parties additionally agreed that the Dublin Unified School District will pay $25,000 to the plaintiffs, in full satisfaction of the plaintiffs' costs and attorney's fees incurred on or after August 5, 2016, in connection with due-process requests filed after August 5, 2016 and this action only.[6]

In light of the benefits that S.Z. has received in the litigation, and for the reasons advanced in the motion for approval, the court finds that the settlement is reasonable and that the attorney's fees are reasonable and appropriate.

---

[5] *Id.* at 2 (¶ 4).
[6] *Id.* at 2–3 (¶¶ 4, 6).

# CONCLUSION

The court approves the minor's settlement.

**IT IS SO ORDERED.**

Dated: August 28, 2019

_____
LAUREL BEELER
United States Magistrate Judge